

## METHFESSEL & WERBEL
A Professional Corporation

JOEL N. WERBEL>
JOHN METHFESSEL, JR.>
FREDRIC PAUL GALLIN'+^
WILLIAM S. BLOOM>*
ERIC L. HARRISON*+
MATTHEW A. WERBEL>
LORI BROHN STERNBACK*+
I. BLAKELEY JOHNSTONE,III+*
GINA M. STANZIALE>
PAUL J. ENDLER JR.>
JAMES P. CULLEN, JR.=^
THOMAS O. MULVIHILL>

Of Counsel
STEPHEN R. KATZMAN#
ED THORNTON>

Retired
JOHN METHFESSEL, SR.>
(1935-2017)
DON CROWLEY'+
MARC DEMBLING'*+
(1944-2022)

Counsel
ADAM M. CARMAN+^
SARAH K. DELAHANT+
SHAJI M. EAPEN+
JAMES FOXEN^
ANGELA M. GURRERA>
GERALD KAPLAN>
JARED P. KINGSLEY'*+
JOHN R. KNODEL'*+
LESLIE A. KOCH=
MICHAEL L. LOMBARDI<
CHARLES T. MCCOOK, JR.'>
MARC G. MUCCIOLO>
RICHARD A. NELKE~
STEVEN K. PARNESS+
RAINA M. PITTS^
AMANDA J. SAWYER^
JARED S. SCHURE>

Associates
JILLIAN T. CLARK>
EDWARD D. DEMBLING>
MICHAEL R. EATROFF>
ANGEL M. HIERREZUELO>
ANDREW S. KARLBON>
FRANK J. KEENAN+^
SCOTT KETTERER>

Associates, Cont'd
ALLISON M. KOENKE>
KYLE A. LIVINGSTONE+
ANTHONY J. MANCUSO>
CHRISTEN E. MCCULLOUGH^
KAJAL J. PATEL+
ADAM M. SCHWARTZ+
SARAH E. SHEPP+
STEVEN A. UNTERBURGER+
LEVI E. UPDYKE+^

* Certified by the Supreme Court of
  New Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
^Member of PA & NJ Bar
^Member of NY Bar only
>Member of NJ Bar only
#Member of NJ & LA. Bar
<Member of NJ & DC Bar
<Member of NJ, NY & CA Bar
>Member of NJ, PA & DC Bar
~Member of NY, NJ & DC Bar
=Member of NY, NJ & MA Bar

**Please reply to New Jersey**

December 16, 2022

<u>VIA ECOURTS FILING</u>
Clerk, United States District Court - Trenton
Clarkson S. Fisher Fed. Bldg.
402 East State Street
Trenton, NJ 08608

RE: **KOHRI, KATHLEEN VS. WALL TOWNSHIP**
    Our File No.      : 92912 ELH
    Docket No.        : 3:22-CV-05954-MAS-RLS

Dear Sir/Madam:

Enclosed please find the following documents:

☒Answer

Respectfully submitted,

**METHFESSEL & WERBEL, ESQS.**

Eric L. Harrison
harrison@methwerb.com
Ext. 138

ELH:kar/Encl.

2025 Lincoln Highway · Suite 200 · P.O. Box 3012 · Edison, NJ 08818 · (732) 248-4200 · FAX (732) 248-2355
112 West 34th Street · 17th Floor · New York, NY 10120 · (212) 947-1999 · FAX (212) 947-3332
One Liberty Place · 1650 Market St., 36th Floor · Philadelphia, PA 19103 · (215) 665-5622 · FAX (215) 665-5623
101 Federal Street · Suite 1900 · Boston, MA 02110 · (617) 204-5630 · FAX (617) 977-9398
www.njinslaw.com

Methfessel & Werbel, Esqs.
Page 2
Our File No. 92912 ELH


cc:   VIA EMAIL: oeltjen@consolelaw.com
      Katherine C. Oeltjen, Esq.
      Console Mattiacci Law, LLC
      110 Marter Avenue, Suite 502
      Moorestown,NJ 08057

Eric L. Harrison - ID #033381993
METHFESSEL & WERBEL, ESQS.
2025 Lincoln Highway, Suite 200
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
1(732) 248-2355
mailbox@methwerb.com
Attorneys for Wall Township
Our File No.  92912 ELH

| | |
|---|---|
| KATHLEEN KOHRI<br><br>         Plaintiff,<br><br>V.<br><br>WALL TOWNSHIP<br><br>         Defendant. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY-TRENTON<br>CIVIL ACTION NO.: 3:22-CV-05954-MAS-RLS<br><br>       Civil Action<br><br>**ANSWER, AFFIRMATIVE DEFENSES<br>AND DEMANDS** |

Defendant Wall Township ("Defendant"), by way of Answer to the Complaint filed herein says:

## INTRODUCTION

Denied that Defendant violated Title VII of the Civil Rights Act of 1964 or the New Jersey Law Against Discrimination.

## PARTIES

1.  Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and leave Plaintiff to her proofs.

2.  Admitted.

3.  Admitted.

4. Admitted.

5. Denied that Defendant is engaged in an "industry."

6. Admitted.

7. Admitted that for a certain period of time Plaintiff worked at this location.

8. Generally admitted.

9. Admitted.

10. Admitted that for a specific period of time, Plaintiff was an employee of Defendant.

## JURISDICTION AND VENUE

11. Denied that Defendant violated these statutes.

12. This paragraph contains legal argument to which no response is required, and Plaintiff is left to her proofs.

13. This paragraph contains legal argument to which no response is required, and Plaintiff is left to her proofs.

14. Admitted that Plaintiff filed a charge with the EEOC, which was dismissed.

15. Admitted.

16. This paragraph contains legal argument to which no response is required, and Plaintiff is left to her proofs.

## FACTUAL ALLEGATIONS

17. Generally admitted.

18. Denied.

19.　　Admitted.

20.　　Defendant is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph, and Plaintiff is left to her proofs.

21.　　Admitted.

22.　　Admitted.

23.　　Denied.

24.　　Denied that these are examples of Plaintiff's performance.

25.　　Denied.

26.　　Denied that these examples demonstrate any bias.

27.　　Denied.

28.　　Admitted that Plaintiff made such complaints.  Denied as to the characterizations of Mr. Bertrand's conduct.

29.　　Admitted that Mr. Kean communicated with Plaintiff. Defendant has insufficient information or knowledge as to the date of such communication to admit or deny this allegation, and Plaintiff is left to her proofs.

30.　　Admitted that Plaintiff communicated with Mr. Kean.

31.　　Denied.

32.　　Admitted only that Plaintiff communicated with Mr. Kean. Defendant has insufficient information or knowledge as to the statements made during such communication, and Plaintiff is left to her proofs.

33.   Denied.

34.   Admitted that Plaintiff communicated with Mr. Kean.

35.   Admitted only that Plaintiff made allegations against Mr. Bertrand to Mr. Kean's firm.   Defendant has insufficient information or knowledge as to the date of such communication to admit or deny this allegation, and Plaintiff is left to her proofs.

36.   The allegation that Mr. Bertrand ever behaved in the manner alleged is denied.

37.   The allegation that there was any reason to remediate Mr. Bertrand's behavior is denied.

38.   Admitted only that Plaintiff made allegations against Mr. Bertrand to Mr. Kean's firm.   Defendant has insufficient information or knowledge as to the date of such communication, and Plaintiff is left to her proofs.

39.   Defendant has insufficient information or knowledge to admit or deny the allegation as to what Plaintiff told Mr. Kean's firm, and Plaintiff is left to her proofs.

40.   Denied that any remedial actions were required.

41.   Denied.

42.   Denied.

43.   Denied.

44. Defendant has insufficient information or knowledge to admit or deny the allegations contained in this paragraph as to what Township employees told Plaintiff and Plaintiff is left to her proofs.

45. Denied.

46. Denied.

47. Defendant has insufficient information or knowledge to admit or deny the allegations contained in this paragraph as to what Plaintiff told Mr. Kean, and Plaintiff is left to her proofs.

48. Admitted that Mr. Kean advised Plaintiff that an investigation into her allegations would need to be conducted. Defendant has insufficient information or knowledge to admit or deny the allegations contained in this paragraph as to the date of that conversation, and Plaintiff is left to her proofs.

49. Admitted that Plaintiff advised Mr. Kean of her allegations. Defendant has insufficient information or knowledge to admit or deny the allegations contained in this paragraph as to the date of that conversation, and Plaintiff is left to her proofs.

50. Denied.

51. Denied.

52.   Denied.

53.   Denied.

54.   Denied.

55.   Denied.

56.   Admitted that Plaintiff complained to Mr. Bertrand about her compensation.  Denied that Plaintiff was not paid what she was promised.

57.   Denied that Plaintiff received "diminished pay."  Defendant has insufficient information or knowledge to admit or deny the allegations contained in this paragraph as to Plaintiff's assumptions, and Plaintiff is left to her proofs.

58.   Denied.

59.   Admitted only that Plaintiff made a complaint to Mr. Orender.  Denied as to the truthfulness of the allegations set forth in this paragraph.

60.   Defendant has insufficient information or knowledge to admit or deny the allegations contained in this paragraph as to the exact contents of the alleged conversation, and Plaintiff is left to her proofs.

61.   Denied that Plaintiff was ever subjected to a hostile work environment.

62.   Defendant has insufficient information or knowledge to admit or deny the allegations contained in this paragraph as

to the date or nature of Plaintiff's conversation with Mr. Newbury. Denied that Plaintiff was ever subjected to discrimination or harassment.

63. Denied.

64. Denied. Admitted only that the terms of the referenced investigation report speak for themselves.

65. Denied.

66. Denied that Plaintiff was subjected to retaliation, discrimination or harassing conduct.

67. Objection. This paragraph fails to identify the individual who allegedly made this statement, and as such no answer can be provided, and Plaintiff is left to her proofs.

68. Admitted that employee work hours were documented for Defendant.

69. Denied.

70. Denied that Plaintiff was "ordered" to a meeting.

71. Defendants have insufficient information or knowledge as to what Plaintiff was thinking was the intention of the meeting, and Plaintiff is left to her proofs.

72. Denied.

73. Denied.

74. Denied.

75. Admitted that dissatisfaction with Plaintiff's work performance was expressed at the meeting.

76. Admitted only that Plaintiff stood during the meeting.

77. Denied.

78. Denied that Plaintiff was threatened or intimidated. Defendant has insufficient information or knowledge as to what Plaintiff was feeling, and Plaintiff is left to her proofs.

79. Denied.

80. Denied that Plaintiff was intimidated. Defendant has insufficient information or knowledge as to what Plaintiff was feeling, and Plaintiff is left to her proofs.

81. Defendant has insufficient information or knowledge to admit or deny the allegations contained in this paragraph, and Plaintiff is left to her proofs.

82. Defendant has insufficient information or knowledge to admit or deny the allegations contained in this paragraph, and Plaintiff is left to her proofs.

83. Denied.

84. Denied.

85. Denied that Plaintiff was ever subjected to a hostile work environment.

86. Defendant has insufficient information or knowledge to admit or deny the allegations as to how Plaintiff was feeling,

and Plaintiff is left to her proofs.  Denied that Plaintiff was
ever humiliated by Defendant.

87.   Denied.

88.   Denied.

89.   Denied.

90.   Denied.

91.   Denied.

92.   Denied.

93.   Denied that Plaintiff's compensation needed to be
"corrected."

94.   Denied.

95.   Denied.

96.   Denied.

97.   Denied.

98.   Denied.

99.   Denied.

100.  Denied.

101.  Denied.

102.  Denied.

103.  Denied.

104.  Denied.

105.  Denied.

106.  Denied.

107.   Denied.

108.   Denied.

109.   Denied.

110.   Denied.

## COUNT ONE

111.   Defendant repeats and reasserts each and every response set forth above as if set forth at length herein.

112.   Denied.

113.   Denied.

114.   Denied.

115.   Denied.

116.   Defendant has insufficient knowledge or information to admit or deny the allegations contained in this paragraph, and Plaintiff is left to her proofs.

**WHEREFORE,** Defendant hereby demands judgment against Plaintiff, dismissing the Complaint in its entirety, together with costs, disbursements, attorneys' fees and any further and just relief as the Court may deem just and proper.

## COUNT TWO

117.   Defendant repeats and reasserts each and every response set forth above as if set forth at length herein.

118.   Denied.

119.   Denied.

120.    Denied.

121.    Denied.

122.    Defendant has insufficient knowledge or information to admit or deny the allegations contained in this paragraph, and Plaintiff is left to her proofs.

**WHEREFORE,** Defendant hereby demands judgment against Plaintiff, dismissing the Complaint in its entirety, together with costs, disbursements, attorneys' fees and any further and just relief as the Court may deem just and proper.

### RELIEF

Plaintiff's requests for relief should be denied in their entirety.

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Defendant was not guilty of any negligence, wrongdoing, breach of duty, or misconduct that was the proximate or producing cause of any injuries or damages alleged by plaintiff.

### THIRD SEPARATE DEFENSE

Any claims against answering defendant are barred by contributory negligence or should be mitigated by comparative negligence pursuant to N.J.S.A. 2A:15-5.1, et seq.

### FOURTH SEPARATE DEFENSE

Any and all injuries and damages were proximately caused by actions or negligence of plaintiff or by persons not under the control of this defendant.

### FIFTH SEPARATE DEFENSE

Any and all injuries and damages were proximately caused solely by the actions or negligence of unknown third parties.

### SIXTH SEPARATE DEFENSE

Any injuries and damages were caused by and arose out of risks of which plaintiff had full knowledge and which plaintiff assumed.

### SEVENTH SEPARATE DEFENSE

Any and all injuries and damages were caused solely by the negligence of the plaintiff.

### EIGHTH SEPARATE DEFENSE

Any and all injuries and damages were caused solely by the intentional behavior of the plaintiff.

### NINTH SEPARATE DEFENSE

Defendant owed no legal duty to the plaintiff.

### TENTH SEPARATE DEFENSE

Defendant breached no duty owed to the plaintiff.

### ELEVENTH SEPARATE DEFENSE

Defendant performed each and every duty, if any, owed to plaintiff.

### TWELFTH SEPARATE DEFENSE

Plaintiff has not been deprived of any right, privilege, or immunity created or recognized by the United States Constitution, the New Jersey Constitution, any statute, or any law.

### THIRTEENTH SEPARATE DEFENSE

Defendants affirmatively and specifically plead each and every defense, limitation, and immunity, and protection provided under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq., and hereby place plaintiff on notice that each such statutory provision is hereby raised as a separate and affirmative defense throughout every stage of the case.

### FOURTEENTH SEPARATE DEFENSE

Defendant is immune from liability for any damages for pain and suffering under N.J.S.A. 59:9-2.

### FIFTEENTH SEPARATE DEFENSE

Defendant is entitled to a credit for any benefits paid to plaintiff under N.J.S.A. 59:9-2.

### SIXTEENTH SEPARATE DEFENSE

Any actions or failure to act on the part of defendant were in the nature of the discretionary activity within meaning of N.J.S.A. 59:2-3.

### SEVENTEENTH SEPARATE DEFENSE

Defendant is entitled to the good faith immunity established by N.J.S.A. 59:3-3.

### EIGHTEENTH SEPARATE DEFENSE

Plaintiff failed to comply with the conditions precedent for making any claim against defendant by not filing the claim in the manner and within the time provided by N.J.S.A. 59:8-3, 59:8-4, 59:8-5, 59:8-7, and 59:8-8.

### NINETEENTH SEPARATE DEFENSE

The plaintiff failed to file a timely notice of claim as required by N.J.S.A. 59:8-8, et. seq.

### TWENTIETH SEPARATE DEFENSE

Defendant is entitled to immunity under N.J.S.A. 59:2-2.

### TWENTY-FIRST SEPARATE DEFENSE

Defendant is entitled to immunity under N.J.S.A. 59:2-10.

### TWENTY-SECOND SEPARATE DEFENSE

Defendant is immune from any prejudgment interest under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq.

### TWENTY-THIRD SEPARATE DEFENSE

While denying any liability, any recovery to which plaintiff might otherwise be entitled to is subject to the provisions and limitations provided in the New Jersey Tort Claims Act.

### TWENTY-FOURTH SEPARATE DEFENSE

Defendant neither took nor sanctioned any of the actions alleged by plaintiff.

### TWENTY-FIFTH SEPARATE DEFENSE

Neither this defendant nor any of its agents had any personal participation in the alleged occurrence.

### TWENTY-SIXTH SEPARATE DEFENSE

Defendant acted upon probable cause and in good faith in carrying out all duties.

### TWENTY-SEVENTH SEPARATE DEFENSE

Any action or inaction on the part of defendant was the result of the exercise of judgment or discretion vested in defendant within the meaning of the applicable law.

### TWENTY-EIGHTH SEPARATE DEFENSE

Defendant acted in good faith without malicious intent in carrying out all duties.

### TWENTY-NINTH SEPARATE DEFENSE

Defendant at all times acted reasonably, in good faith, and in accordance with all applicable laws of the United States, State of New Jersey, and local ordinances.

### THIRTIETH SEPARATE DEFENSE

While denying any liability, any third-party which may have caused harm to Plaintiff was not acting as agents of this defendant at the times they committed the alleged acts in the Complaint.

### THIRTY-FIRST SEPARATE DEFENSE

While denying any liability, this defendant did not know and had no reasonable basis to know that unknown third-parties had the propensity to engage in the acts alleged in the Complaint.

### THIRTY-SECOND SEPARATE DEFENSE

All of the acts of defendant were performed in good faith and defendant is therefore entitled to qualified immunity.

### THIRTY-THIRD SEPARATE DEFENSE

Defendant is entitled to absolute immunity.

### THIRTY-FOURTH SEPARATE DEFENSE

To the extent alleged, if any, defendant did not engage in a conspiracy against plaintiff and did not have a custom, plan or practice that violated plaintiff's rights.

### THIRTY-FIFTH SEPARATE DEFENSE

Punitive damages cannot be awarded against defendant under both common law and statute.

### THIRTY-SIXTH SEPARATE DEFENSE

There is no basis in law or fact for the award of damages under the tort of emotional distress.

### THIRTY-SEVENTH SEPARATE DEFENSE

Plaintiff is not entitled to an award of economic damages against defendant.

### THIRTY-EIGHTH SEPARATE DEFENSE

Plaintiff is not entitled to an award of interest against defendant.

### THIRTY-NINTH SEPARATE DEFENSE

Plaintiff is not entitled to an award of counsel fees against defendant.

### FORTIETH SEPARATE DEFENSE

Defendant did not violate any duty owed to plaintiff under common law, statute, regulations, or standards.

### FORTY-FIRST SEPARATE DEFENSE

Any alleged damages were due to unavoidable circumstances and causes beyond the control or fault of defendant.

### FORTY-SECOND SEPARATE DEFENSE

Defendant was acting pursuant to law in performing any of the acts alleged in the Complaint.

### FORTY-THIRD SEPARATE DEFENSE

Service of process was not effectuated upon defendant, and defendant reserves the right to move to dismiss for insufficiency of process and insufficiency of service of process.

### FORTY-FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred by the entire controversy doctrine.

### FORTY-FIFTH SEPARATE DEFENSE

This court lacks jurisdiction over one or more of plaintiff's claims.

### FORTY-SIXTH SEPARATE DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

**FORTY-SEVENTH SEPARATE DEFENSE**

Plaintiff's claims are barred by the doctrines of estoppel, laches, waiver, and/or unclean hands.

**FORTY-EIGHTH SEPARATE DEFENSE**

Plaintiff failed to take reasonable and necessary measures to mitigate damages.

**FORTY-NINTH SEPARATE DEFENSE**

Defendant exercised reasonable care to prevent and promptly correct any alleged harassing behavior and plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by defendant or to avoid harm otherwise.

**FIFTIETH SEPARATE DEFENSE**

Defendant reserves its right to assert such other affirmative defenses as continuing investigation and discovery may indicate.

**FIFTY-FIRST SEPARATE DEFENSE**

Defendant had legitimate, nondiscriminatory reasons for all acts and omissions of which plaintiff complains.

**FIFTY-SECOND SEPARATE DEFENSE**

Plaintiff has failed to exhaust all available administrative remedies.

## <u>JURY DEMAND</u>

The defendant hereby demands trial by a jury as to all issues.

**METHFESSEL & WERBEL, ESQS.**
Attorneys for Wall Township

By:_____
Eric L. Harrison

DATED: December 16, 2022

Our File No.  92912

## CERTIFICATE OF MAILING

The undersigned hereby certifies as follows:

      1.    I am employed by the law firm of Methfessel & Werbel.

      2.    On December 16, 2022 the undersigned prepared and forwarded copies of the within Answer to the following parties:

      Clerk, United States District Court - Trenton
      Clarkson S. Fisher Fed. Bldg.
      402 East State Street
      Trenton, NJ 08608

      VIA EMAIL: oeltjen@consolelaw.com
      Katherine C. Oeltjen, Esq.
      Console Mattiacci Law, LLC
      110 Marter Avenue, Suite 502
      Moorestown,NJ 08057

      3.  I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Katherine A. Rubin*

_____
Katharine A. Rubin