IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **KATHLEEN KOHRI** <br> Mount Laurel, NJ 08054 <br><br> Plaintiff, <br><br> v. <br><br> **WALL TOWNSHIP** <br> 2700 Allaire Road <br> Wall Township, NJ 07719 <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION NO. <br> 22-5954 <br><br><br> JURY TRIAL DEMANDED |

## JOINT PROPOSED DISCOVERY PLAN

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26.1, Plaintiff, Kathleen Kohri ("Plaintiff") and Defendant, Wall Township ("Defendant") submit the following Joint Proposed Discovery Plan.

1. <u>Attorney's Names and Contact Information</u>:

   | | |
   |---|---|
   | Katherine C. Oeltjen, Esquire <br> CONSOLE MATTIACCI LAW LLC <br> 110 Marter Ave., Suite 502 <br> Moorestown, NJ 08057 <br> Telephone: (856) 854-4000 <br> Facsimile: (215) 565-2852 <br> *Attorneys for Plaintiff* | Steven K. Parness, Esquire <br> METHFESSEL & WERBEL, P.C. <br> 2025 Lincoln Highway, Suite 200 <br> Edison, NJ 08818 <br> Telephone: (973) 379-5013 <br> Facsimile: (973) 248-2355 <br> *Attorney for Defendant* |

2. <u>Brief Description of the Case</u>:

   **Plaintiff's Position:** Plaintiff, Kathleen Kohri ("Plaintiff") brings claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII") and the New Jersey Law Against Discrimination, as amended, N.J.S.A. 10:5-1, et seq. ("NJLAD"). Plaintiff seeks damages, including economic loss, compensatory and punitive damages, costs and attorney's fees and all other relief that this Court deems appropriate. Ms. Kohri was subjected to an on-going hostile work environment resulting in the termination of her employment with Defendant after she complained of systemic, repeated, and unrelenting sex-discriminatory conduct by her male supervisor.

**Defendant's Position**: Plaintiff's complaint alleges a myriad of allegations primarily pertaining to comments attributed to Township Administrator Jeff Bertrand, most, if not all, of which are either denied, or if made are taken out of context in the complaint, were not directed towards Plaintiff, and which were not discriminatory, or created a hostile work environment, on their face.  Plaintiff was never subjected to any disciplinary action, and was never terminated.  She resigned after a dispute with Township officials as to whether she had been promised a raise, which resulted in a meeting with Township officials wherein her request for a pay increase was denied, and Plaintiff was advised that her work performance was poor.

3. Settlement Discussions: No settlement discussions have taken place.

4. The parties have met pursuant to Fed. R. Civ. P. 26(f).

5. Initial Disclosures: Plaintiff's Position: The Plaintiff will serve her initial disclosures on or before January 23, 2023.  Defendant's Position: The Defendant will serve its initial disclosures on or before February 17, 2023.  Documents will be provided after the execution of, and Court approval of, a Discovery Confidentiality Order.

6. There are no problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).

7. The Parties have agreed to file disclosures of third-party litigation funding, if any, pursuant to Local Civil Rule 7.1.1 by January 23, 2022. Neither party is utilizing any third-party litigation funding.

8. Written Discovery: Plaintiff's Position: The Parties should serve their initial discovery requests on February 1, 2023.  Defendant's Position: The Parties agree to serve their initial written discovery requests by March 1, 2023.

9. Proposed Joint Discovery Plan:

    (a) Discovery is needed on the following subjects: liability and damages.

    (b) Discovery should not be conducted in phases.

    (c) Proposed schedule:

        (1) Fed R. Civ. P. 26 Disclosures: Plaintiff's Position: by January 30, 2023. Defendant's Position: by February 10, 2023

        (2) E-Discovery Conference Pursuant to L. Civ. R. 26.1(d) by January 30, 2023

        (3) Service of initial written discovery: Plaintiff's Position: by January 30, 2023.  Defendant's Position: by March 1, 2023

        (4) Maximum of 25 Interrogatories by each party to each other party.

  (5) Maximum of 10 depositions to be taken by each party absent stipulation between the Parties to take additional depositions or leave from this Court.

  (6) Motions to Amend or to Add Parties to be filed by <u>March 31, 2023</u>

  (7) Factual discovery to be completed by <u>June 30, 2023 (Plaintiff's position). December 31, 2023 (Defendant's position).</u>

  (8) Plaintiff's expert report due on July 30, 2023 (Plaintiff's position) <u>February 29, 2024 (Defendant's position).</u>

  (9) Defendants' expert report due on August 30, 2023 (Plaintiff's position), April 15, 2024 (Defendant's position).

  (10) Expert depositions to be completed by <u>August 1, 2024</u>

  (11) The Plaintiff requests that any dispositive motions to be served within thirty (30) days of the completion of both fact and expert discovery with thirty (30) days to oppose. The Defendant requests dispositive motions be filed and served by October 1, 2024.

 (d) Special discovery mechanism or procedure requested:

  None

 (e) A pretrial conference should take place following the Court's ruling on any dispositive motion in a manner that does not preclude trial.

 (f) Trial by Jury requested by both parties.

 (g) Trial Date: To be determined by the Court.

10. Special discovery needs: The Parties reserve the right to videotape depositions.

11. The Parties will search for and produce relevant, responsive e-mail, text and any other electronically maintained documents or information, including without limitation, text messages and direct and/or instant messages, as part of their respective responses to requests for production of documents pursuant to Fed. R. Civ. P. 34. Plaintiff has requested that Defendant produce all documents in Native or TIFF+ format, as will be fully detailed in Plaintiff's Requests for the Production of Documents directed to Defendant.

12. The Parties anticipating asking the Court to enter a Confidentiality Order in the form found in Appendix S.

13. The Parties do not anticipate any discovery problems.

14. This case is not appropriate for voluntary arbitration. This case may be appropriate for

mediation and/or a settlement conference.

15. Plaintiff's positon: This case is not appropriate for bifurcation. Defendant's position: Defendant asserts that any claim for punitive damages be bifurcated.

16. An interim status/settlement conference (with clients in attendance) should be held following the exchange of written discovery.

17. The Parties do not currently consent to a trial being conducted by the Magistrate Judge.

18. No other issues to address at the Rule 16 Scheduling Conference.

Respectfully Submitted,

Date: January 12, 2023

*/s/ Katherine C. Oeltjen*
Katherine C. Oeltjen, Esquire
110 Marter Avenue, Suite 502
Moorestown, NJ 08057
Telephone: (856) 854-4000
Facsimile: (215) 565-2852
oeltjen@consolelaw.com
*Attorneys for Plaintiff*

*/s/ Steven K. Parness*
Steven K. Parness, Esquire
METHFESSEL & WERBEL, P.C.
2025 Lincoln Highway, Suite 200
Edison, NJ 08818
Telephone: (973) 379-5013
Facsimile: (973) 248-2355
*Attorney for Defendant*