**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| KATHLEEN KOHRI,<br><br>                    Plaintiff,<br><br>          v.<br><br>WALL TOWNSHIP,<br><br>                    Defendant. | Civil No. 22-cv-5954 (MAS)(JTQ)<br><br>**MEMORANDUM OPINION AND<br>ORDER** |

At issue here is Defendant Wall Township's ("Defendant") Motion to Compel Plaintiff Kathleen Kohri's ("Plaintiff") Independent Medical Examination ("IME") pursuant to Fed. R. Civ. P. 35(a).[1] ECF No. 94. The Court has considered the parties' submissions in support of and in opposition to the pending Motion and decides the matter without oral argument per Rule 78(b) and Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion to Compel Plaintiff's IME is **DENIED**.

## I.    BACKGROUND

The underlying action arises from Plaintiff's allegations of sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") and the New Jersey Law Against Discrimination, as amended N.J.S.A. 10:5-1, et seq. ("NJLAD") against her former employer, Defendant Wall Township. ECF No. 1 ("Compl."), ¶¶ 111-22.

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

In the instant Motion, Defendant seeks to compel Plaintiff to undergo an IME to determine the scope of any emotional distress suffered by Plaintiff as a result of her employment with Defendant. Defendant first expressed its desire to compel such an examination in a joint letter to Court, filed July 10, 2025, shortly after Plaintiff's deposition. ECF No. 79 at 2. Plaintiff objected, claiming that an IME is not warranted because she seeks damages only for "garden variety" emotional distress, and further explained that she had no intention of using an expert witness to establish any specific emotional distress. *Id.* at 4. In response, Defendant noted that Plaintiff testified at her deposition that "she went to a therapist where she discussed her feelings about her work situation," and maintained that "unless Plaintiff [waives] her right to testify about her therapy, the IME is appropriate." *Id.* at 6.

Subsequently on October 3, 2025, Defendant filed a letter requesting the Court's permission to resolve the emotional distress issue either through a conference or to allow Defendant to file a Motion to Compel an IME. ECF No. 82 at 1. Upon receipt of Defendant's letter, the Court instructed Plaintiff to respond, which she did on October 10, 2025, explaining more fulsomely why her claims for emotional distress are garden-variety in nature. ECF No. 83.

After reviewing the competing letters, the Undersigned had concerns with portions of the parties' arguments, and granted Defendant leave to file a formal motion to supplement its argument. The Court specifically instructed the parties to address:

> (1) Why allegations in Plaintiff's Complaint (*see, e.g.,* Compl. ¶¶ 109, 110), as well as Plaintiff's explicit

2

statements in her October 10 letter do not appear to limit Plaintiff's claim and damages regarding emotional distress;

(2) Whether Plaintiff testified to specific symptoms that would make her claim something more than "garden variety;"

(3) Why Defendant chose to raise this issue three years into discovery, when the parties have not discussed or disclosed anything new related to Plaintiff's mental condition in almost two years (*see* ECF No. 84 at 2-3);

(4) Why Defendant did not depose Plaintiff's treating physicians on this question; and

(5) Whether this issue could be cured through a stipulation, which Defendant could use at trial should Plaintiff later have a change of heart.

ECF No. 85.

The Motion is fully briefed and ripe for decision.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 35, the "court . . . may order a party whose mental or physical condition is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). The court may only order such an examination upon a motion demonstrating "good cause" for the examination. Fed. R. Civ. P. 35(a)(2)(A).

Rule 35 imposes a higher standard on movants than "mere relevance." *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). A party seeking to compel an IME must meet two requirements that flow from the language of Rule 35. The movant must make "an affirmative showing" that (1) the subject's condition "is really and genuinely in controversy" and (2) "good cause exists" for the examination. *Id.* Trial

courts are required to make a "discriminating application" of the "limitations prescribed by [Rule 35]." *Id.* at 121.

In keeping with the heightened standard for Rule 35 examinations, the Third Circuit has adopted a five-part test to determine if a party's mental condition is truly "in controversy." *Kuminka v. Atl. Cty. New Jersey*, 551 F. App'x 27, 29 (3d Cir. 2014) (citing *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995). Under the relevant test, a garden-variety emotional distress claim is "insufficient to place the plaintiff's mental condition 'in controversy' for purposes of Rule 35(a)." *Id.* (quoting *Bowen v. Parking Auth. Of City of Camden*, 214 F.R.D. 188, 193 (D.N.J. 2003)). Rather, the movant must demonstrate that, in addition to an emotional distress claim, one or more of the following factors is present:

> (1) a cause of action for intentional or negligent infliction of emotional distress;
> (2) an allegation of a specific mental or psychiatric injury or disorder;
> (3) a claim of unusually severe emotional distress;
> (4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or
> (5) plaintiff's concession that his or her mental condition is 'in controversy' within the meaning of Rule 35(a).

*Gross-Quatrone v. Mizdol*, 2022 U.S. Dist. LEXIS 14824, at *6 (D.N.J. Jan. 27, 2022) (citing *Kuminka v. Atl. Cty. New Jersey*, 551 F. App'x 27, 29 (3d Cir. 2014)).

## III.    DISCUSSION

Defendant generally contends that an IME is necessary because while Plaintiff seeks damages for her emotional distress caused by the alleged hostile workplace, in her deposition, she attributed emotional distress to both her employment and her

4

father's death. ECF No. 94-2 ("Mov. Br.") at 2-5. Specifically, Defendant argues that: (1) Plaintiff has placed her emotional condition in controversy; (2) Plaintiff's medical history demonstrates that her allegations of emotional distress could be considered more than garden-variety; (3) an IME could shed light on the source of Plaintiff's emotional distress; and (4) a balancing of equities favors Defendant's position because unlike Plaintiff, Defendant's litigation position would be significantly hampered without an IME report indicating whether Plaintiff suffered emotional distress, the degree of emotional distress, and the source of said emotional distress. *Id.* at 2-3.

Plaintiff opposed, arguing that: (1) she has consistently sought garden variety emotional distress damages; (2) she will not rely on any expert as to her medical condition; (3) she does not intend to introduce her medical records at trial; and (4) she remains willing to stipulate to "only present evidence permitted under a garden variety theory of emotional distress damages." ECF Nos. 84 at 1-2; 101 ("Opp. Br.") at 1 n.1, 7.

The Court concludes that Plaintiff has the better argument.

**A. Procedural Deficiency**

As a preliminary matter, Defendant's Motion is procedurally deficient. Rule 35(a)(2)(B) specifically requires the party seeking an IME to submit an order that "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Defendant expressly acknowledged this requirement in its Motion yet failed to provide the Undersigned with a proposed order containing this basic information. Mov. Br. at 8. Indeed, Defendant fails to even

5

identify the type of examination sought. For this reason alone, Defendant's application fails.

### B. Substantive Deficiencies

Putting the procedural issue aside, Defendant's application also fails on the merits. Here, the Court finds that Plaintiff has not placed her mental condition in controversy, and that good cause does not exist to compel an IME.

### 1. No Mental Condition in Controversy

The Court must first determine whether Plaintiff has placed a mental health condition "in controversy" under the *Turner* factors or if her claims only amount to those of the garden variety.[2]

Defendant's analysis and application of the *Turner* factors is sparse and, at best, conclusory. Defendant asserts only that "Plaintiff conceded, by testifying as to her alleged emotional distress in her deposition, that her mental condition is 'in controversy[.]'"[3] Mov. Br. at 4. Accordingly, the Court limits its discussion to the fifth

---

[2] The Court is obligated to correct a plainly incorrect statement made by Defendant in its motion papers. Defendant asserts that "Plaintiff's 'garden variety' distress claim is . . . legally irrelevant as to the issue of whether she should be required to undergo an IME." ECF No. 104 ("Reply Br.") at 3. But it could not be more relevant. Defendant provides no law to support this statement; nor does the Court see any logic in it given the relevant legal standard and caselaw surrounding the issue. *See, e.g., Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995); *Kuminka v. Atl. Cty. New Jersey*, 551 F. App'x 27, 29 (3d Cir. 2014).

[3] While Defendant discusses no other applicable *Turner* factor in its argument, Defendant does contend generally that allegations contained in the Complaint place Plaintiff's mental condition in controversy. Defendant cites to two passages in the Complaint to support this claim. One is taken from Plaintiff's Prayer for Relief wherein she requests an award of "compensatory damages . . . for past and future emotional upset, mental anguish, humiliation. . ." Compl., ¶ (f). The other is a general allegation that "[a]s a direct and proximate result of Defendant's discriminatory

*Turner* factor: whether Plaintiff conceded "that his or her mental condition is 'in controversy' within the meaning of Rule 35(a)." *Turner*, 161 F.R.D. at 95. Answered simply, there is no such concession in Plaintiff's deposition testimony.

Defendant cites to two passages from Plaintiff's deposition wherein Plaintiff testified that she: (1) has been diagnosed with anxiety and depression, and (2) has been prescribed antidepression medication and asked for the dosage to be increased "after this complaint situation." ECF No. 98-7 at 213-214. But where is Plaintiff's concession? The Court sees only testimony regarding Plaintiff's mental health history. Indeed, a "[p]laintiff's history of depression and anxiety, no matter how extensive or complicated, cannot on its own sustain Defendant's burden under rule 35." *Conforti v. St. Joseph's Healthcare Sys.*, 2020 U.S. Dist. LEXIS 11575, at *2 (D.N.J. Jan. 21, 2020). Here, Plaintiff's testimony reveals that she has been taking antidepressants since college and has asked for an increased dosage in light of "this complaint situation"—nothing more. ECF No. 98-7 at 213. There is no further discussion or explanation of "this complaint situation." *Id.* Plaintiff does not testify that Defendant's conduct caused her mental condition, nor does she testify that Defendant's conduct exacerbated it.

---

conduct . . . Plaintiff has in the past incurred, and may in the future incur . . . embarrassment, humiliation . . . ." Compl., ¶ 109. However, Plaintiff has since explained that she "understands that she is not able to seek prospective damages under a garden variety theory" and remains willing to stipulate to such. Opp. Br. at 1 n. 1, 7. Further, the Complaint contains no allegation of a specific mental or psychiatric injury or disorder, nor does Defendant tether the Complaint to any *Turner* factor. Thus, this argument fails.

Moreover, Plaintiff has repeatedly reiterated that her damages will be limited to garden-variety emotional distress. ECF Nos. 84 at 1-2; Opp. Br. at 1 n.1, 7. She is even willing to stipulate to such, though Defendant appears uninterested in this stipulation.[4] Courts in this Circuit "have consistently found that an allegation of ongoing mental distress exposes a plaintiff to a Rule 35 examination only when the plaintiff intends to seek damages for symptoms or conditions that are more severe than general emotional distress." *Conforti*, 2020 U.S. Dist. LEXIS 11575, at *2 (internal citations omitted). No such damages are sought by Plaintiff.

Having reviewed Plaintiff's deposition testimony, the Court safely concludes that Plaintiff at no point concedes that her "mental condition is 'in controversy' within the meaning of Rule 35(a)." *Turner*, 161 F.R.D. at 95, 98. And more significantly, anything beyond garden-variety damages for emotional distress has been completely and explicitly disclaimed by Plaintiff. For these reasons, the Court finds that Plaintiff's mental condition is not in controversy in this action.

### 2. Lack of Good Cause

Because the Court finds that Defendant has not placed Plaintiff's mental condition in controversy, it need not address whether good cause exists for the IME. However, even if Plaintiff had placed her mental condition in genuine controversy, Defendant's Rule 35 application would still fail for lack of good cause.

---

[4] Despite Plaintiff's offer of a stipulation to garden variety emotional distress in her opposition papers (Opp. Br. at 1 n.1), Defendant did not respond to Plaintiff's offer in its reply. *See generally* Reply Br.

8

The good cause analysis is fact-sensitive, and "what may be good cause for one type of examination may not be so for another." *Schlagenhauf*, 379 U.S. at 118. However, "[t]he specific requirement of good cause would be meaningless if good cause could be sufficiently established by merely showing that the desired materials are relevant, for the relevancy standard has already been imposed by Rule 26(b)." *Id.* Further*,* if the movant can obtain the desired information through other discovery methods, there is no good cause for conducting a Rule 35 examination to obtain that information. *Id.*

The Court is aware that Plaintiff's psychological history may be "relevant to [Plaintiff's] claim that the emotional distress emanated from" Defendant's actions. *Bowen*, 214 F.R.D. at 195. However, Defendant has had access to Plaintiff's medical history for years. Defendant has been in possession of Plaintiff's medical records since 2023, and Plaintiff has signed a HIPAA authorization for Defendant to receive additional records. ECF No. 29; Opp. Br. at 4. Significantly, Defendant has not identified what information it seeks that is missing from the medical records. Nor has Defendant sought to depose any of Plaintiff's medical providers. Defendant merely asserts that its "requested information cannot be obtained through less intrusive discovery." Mov. Br. at 7. This conclusory assertion lacks any explanation or support. The Court is not convinced of its veracity and does not find good cause to compel an IME.

On balance Defendant cannot sustain its burden of affirmatively showing that Plaintiff's mental condition Defendant seeks to examine is genuinely in controversy

9

within the meaning of Rule 35(a), nor has Defendant demonstrated good cause to compel the examination.

For the reasons stated above, Defendant's Motion is **DENIED**.

## IV.    CONCLUSION AND ORDER

Accordingly,

**IT IS** on this 26th day of June 2026,

**ORDERED** that Defendant's Motion to Compel Plaintiff's Independent Medical Examination (ECF No. 94) is **DENIED**; and it is further

**ORDERED** that the Clerk is to terminate ECF No. 94.

s/ Justin T. Quinn
HON. JUSTIN T. QUINN
United States Magistrate Judge
