**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KATHLEEN KOHRI,<br>Plaintiff,<br>v.<br>WALL TOWNSHIP,<br>Defendant. | Civil No. 22-cv-5954 (MAS)(JTQ)<br>**MEMORANDUM OPINION AND ORDER** |

This Order resolves Plaintiff's Motion to Compel Certain Discovery from Defendant Wall Township ("Defendant"). ECF No. 98. The Court has considered the parties' submissions in support of and in opposition to the pending motion and decides the matter without oral argument per Rule 78(b) and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion to Compel is **GRANTED** in part.

## I. BACKGROUND

This action arises from Plaintiff's allegations of sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") and the New Jersey Law Against Discrimination, as amended N.J.S.A. 10:5-1, et seq. ("NJLAD") against her former employer, Defendant Wall Township. ECF No. 1 ("Compl."), ¶¶ 111-22.

Plaintiff's claims are grounded largely on the alleged conduct of former Wall Township Administrator Jeffrey Bertrand ("Bertrand"), who she maintains made sexual comments to her and in her presence. *See* ECF No. 1 ("Compl.") ¶¶ 27, 31, 33,

36, 51, 56, 57. After hearing these comments, Plaintiff lodged multiple complaints regarding Bertrand's behavior with Defendant, resulting in an internal investigation into Bertrand's conduct. *Id.* ¶ 48. The investigation resulted in a finding that "nothing illegal occurred," although Bertrand's conduct was found to be inappropriate. *Id.* ¶ 64. Plaintiff alleges that Bertrand continued to make inappropriate and sexually discriminatory comments after the investigation, resulting in a hostile work environment, until her departure from Defendant's employment in July 2021. *Id.* ¶¶ 97, 98.

At issue now is Defendant's alleged insufficient production of documents related to Plaintiff's complaints to Defendant, Defendant's internal investigations, and Bertrand's conduct. Plaintiff claims that Defendant has withheld the production of relevant documents, including Bertrand's updated personnel file and documentation related to his forced administrative leave.

Additionally, Plaintiff raises concerns with Bertrand's prior deposition. Leading up to the deposition, Plaintiff served Bertrand with two subpoenas, one *duces tecum* and one for deposition testimony, on August 7, 2025. Thereafter, Defendant served Plaintiff with a letter stating that Bertrand had no responsive documents in his possession. In no way did the letter set forth any objections to the deposition, nor did Defendant move to quash or limit same.

Bertrand's deposition took place on September 29, 2025. However, at the deposition Plaintiff submits that Bertrand was improperly instructed by counsel[1] not to answer questions about: "his communications/interviews with the investigators who ultimately furnished the reports produced by Defendant and referred to above; coaching and counseling he received as a result of the investigation; his health and the reasons why he was unable to be deposed for a period of nearly two (2) years; certain aspects of the circumstances surrounding his departure from Wall Township including his decision to 'retire'; and, the status of a current legal demand he has made of Wall (in advance of his deposition) and the reasons he was making the demand of Wall." ECF No. 98-1 ("Mov. Br.") at 12-13.

As such, Plaintiff asks the Court to compel Defendant (1) to supplement its production of documents related to Plaintiff's complaints about Bertrand, Defendant's internal investigations into Bertrand, and Bertrand's conduct, and (2) to produce Bertrand for a continued deposition.[2]

---

[1] Bertrand is represented by his own personal counsel whom he retained originally to resolve a separate dispute between him and Defendant. Bertrand's counsel previously advised him against answering certain. However, Bertrand's counsel was not present at the deposition, only counsel for Defendant, who advised Bertrand accordingly on his personal counsel's behalf.

[2] On December 19, 2025, almost three weeks after this motion was filed, Defendant turned over approximately 110 additional responsive documents, including (1) a third investigative report regarding Bertrand's alleged discriminatory conduct; (2) Bertrand's updated personnel file; and (3) the investigative report into the allegations against Bertrand by former Wall Township Police Captain Clark. *See* ECF No. 105 at 1; ECF No. 108 at 2. The Court notes that it had previously ordered Defendant to produce all documents relating to Clark's complaints on July 3, 2025. *See* ECF No. 78. Upon receipt of production, Plaintiff filed a supplement to her to motion seeking additional relief including, but not limited to, the production of a Rule 30(b)(6) deponent related to the third investigation into Bertrand, the production of third-

## II. LEGAL STANDARD

### A. Requests for Production

The scope and limits of discovery are defined by Rule 26(b)(1), which provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

"Rule 26 is liberally construed to favor disclosure, as relevance is a broader inquiry at the discovery stage than at the trial stage." *Kaye v. Nussey*, 2022 WL 3227578, at *2 (D.N.J. Aug. 10, 2022). "[A] court may order the discovery of any matter relevant to a party's claims, defenses, or the subject matter involved in the litigation upon a finding of good cause." *Campbell v. Sedgwick Detert, Moran & Arnold*, 2013 WL 1314429, at *8 (D.N.J. Mar. 28, 2013). However, "[a]lthough the scope of discovery under the Federal Rules is broad, this right is not unlimited and may be circumscribed." *Hayes v. Bergus*, 2015 WL 5666128, at *2 (D.N.J. Sept. 24, 2015). The "the sole purpose of discovery is to add flesh for trial on the parties' respective claims and defenses," not to serve as a "fishing expedition for potential claims or defenses." *Robinson v. Horizon Blue Cross-Blue Shield of New Jersey*, 2013 WL 6858956, at *2

---

party Sean Kean, and leave to file a motion for sanctions. ECF No. 105. Although the Court does not condone Defendant's untimely production in the face of its Order, the Court declines to consider Plaintiff's supplemental filing as she was never given leave to make that submission or apply for such relief.

(D.N.J. Dec. 23, 2013), *aff'd*, 2014 WL 3573339 (D.N.J. July 21, 2014), and *aff'd*, 674 F. App'x 174 (3d Cir. 2017).

Furthermore, Rule 37 provides that, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). A party moving to compel discovery "bears the initial burden of proving the relevance of the requested information." *Ford v. City of Pittsburgh*, 2015 WL 12777652, at *1 (W.D. Pa. Aug. 17, 2015). Once that initial burden is met, "[t]he party objecting to discovery must show that the requested materials do not fall within the broad scope of relevance ... or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure...." *Clemens v. New York Cent. Mut. Fire Ins. Co.*, 300 F.R.D. 225, 227 (M.D. Pa. 2014) (internal quotation marks omitted). "Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment." *Ford*, 2015 WL 12777652, at *1.

**B. Third-Party Deposition**

Federal Rule of Civil Procedure 45 governs the issuance, service, and enforcement of subpoenas. When a party serves a subpoena under Federal Rule of Civil Procedure 45, the information and documents sought must fall within the scope of proper discovery under Rule 26(b)(1) as discussed above. *In re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 501 (D.N.J. 2021).

If the information sought falls within the scope of permissible discovery, then a party may serve a subpoena on a third party to obtain documents, testimony, and/or other information. *See* Fed. R. Civ. P. 45(c). However, if the requests do not fall within the permissible scope of discovery under Rule 26, the subpoena may be quashed or modified. *Schmulovich v. 1161 Rt. 9 LLC*, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007). Rule 45(d)(3) provides, in relevant part: "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . (iii) requires disclosure of privileged or other protected matter if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

## III. ANALYSIS

Plaintiff seeks an order compelling the supplemental production of three categories of documents in addition to compelling the production of Bertrand for a continued deposition. The Court grants both of Plaintiff's requests.

### A. Requests for Production

As referenced above, Plaintiff has identified three categories of documents requiring supplemental production. Plaintiff seeks documents related to: (1) Bertrand's conduct while employed by Defendant; (2) Plaintiff's complaints against Bertrand; and (3) any investigations into Bertrand's alleged discriminatory conduct. Plaintiff asserts that these documents were captured within her Requests for

Production ("RFP") Nos. 6, [3] 12,[4] and 15,[5] respectfully, and argues that because they are relevant to this action, these documents should be produced.

In opposition, Defendant neither claims that the documents sought by Plaintiff fall outside of the scope of discovery, nor relies on its initial objections to Plaintiff's production requests. Defendant instead argues in a conclusory fashion that Plaintiff's motion should be denied because it has "fully complied with Plaintiff's document request" such that "[t]here are simply no further documents even remotely relevant to this case to be produced by Wall Township."[6] ECF No. 108 ("Opp. Br.") at 3.

[3] RFP No. 6: "All documents that refer to, relate to, or evidence any coaching, training, write-ups, or other disciplinary action taken against Jeff Bertrand from October 1, 2017 to the present." ECF No. 98-5 at 9.

[4] RFP No. 12: "All documents that refer to, relate to, or constitute communications between Plaintiff and Defendant, and/or any agent or employee of Defendant, from October 1, 2017 through the present regarding: (1) Plaintiff's complaints of discrimination, harassment, disparate treatment (such as unfair compensation, retaliation, or hostile work environment) and/or retaliation; (2) any investigation(s) into Plaintiff's complaints of discrimination, harassment, and/or disparate treatment (such as unfair compensation, retaliation, or hostile work environment); (3) the cessation of Plaintiff's employment; and (4) Plaintiff's lawsuit against Defendant." ECF No. 98-5 at 9-10.

[5] RFP No. 15: "All documents that refer to, relate to, or evidence: (a) any charges, accusations or complaints (both formal and informal, internal or external) of sex discrimination, hostile work environment, sexual harassment, or retaliation in connection with the same made by any employee or former employee of Defendant; (b) any investigation undertaken by Defendant (or someone on Defendant's behalf or at Defendant's request) regarding a); and (c) any and all actions taken by Defendant as a result of (a) and/or (b)." ECF No. 98-5 at 10-11.

[6] Defendant also appears to suggest that Plaintiff's very filing of this motion was improper because "[a] party that is not in compliance with their own discovery obligations cannot file a motion seeking additional discovery." Opp. Br. at 3. In making this claim, Defendant references Plaintiff's refusal to submit to an independent medical examination, which was the subject of Defendant's then-pending motion to compel same. The Court pays little mind to this argument, as (1) the only support Defendant provides is a New Jersey Court Rule, by which this Court

The Court has no trouble concluding that the discovery sought by Plaintiff is relevant to her claims. Bertrand's conduct goes to the heart of a critical question in this case: Whether Defendant subjected Plaintiff to a hostile work environment through Bertrand's alleged discriminatory and retaliatory conduct? Also relevant is Defendant's treatment of Plaintiff's and similar complaints against Bertrand and any resulting investigation(s). This information could not be more germane. The law requires nothing more. *See Campbell v. Sedgwick Detert, Moran & Arnold*, 2013 WL 1314429, at *8 (D.N.J. Mar. 28, 2013). This is apparent in the Court's July 3, 2025 Order compelling the production of former Wall Township Police Captain Clark's ("Clark") complaint against Bertrand and any related documents. ECF No. 78.

Moreover, the Court has significant concerns with Defendant's representation that it has produced all relevant documents. As discussed above in footnote 1, Defendant made a large production of clearly relevant documents mere days before filing its opposition. Included in that production, were documents subject to the Court's July Order (*id.*), yet Defendant provides no explanation for why documents ordered to be produced in July were so delayed (without judicial approval). Plaintiff has further alleged that Defendant produced a second batch of documents the day after the filing of the opposition. *See* ECF No. 110 ("Reply Br.") at 3. Thus, the status of production is rather murky. Regardless, the Court will not allow plainly relevant documents to remain unproduced.

---

is not bound, and (2) the Undersigned denied Defendant's application on June 26, 2026, rendering the argument moot. ECF No. 116.

For these reasons, Plaintiff request to compel Defendant to produce the documents at issue is granted to the extent that these documents have not already been produced.

**B. Deposition of Bertrand**

Next, the Court addresses Plaintiff's request for a continued deposition of Bertrand. Specifically, Plaintiff seeks to re-depose Bertrand on the following topics: (1) his communications/interviews with Defendant's investigators who authored the investigative reports; (2) any coaching and counseling he received as a result of the investigation; (3) his health and the reasons why he was unable to be deposed earlier; (4) certain aspects of the circumstances surrounding his departure from Defendant's employment; and (5) the status of and reasons for a legal demand he has made of Defendant. For the reasons set forth below, Plaintiff's request is granted.

Plaintiff argues generally that Defendant improperly impeded and restricted Bertrand's deposition, warranting a continued deposition "on those topics [Bertrand] refused to answer/his counsel instructed him not to answer." Mov. Br. at 17. Plaintiff also asks that Bertrand "produce all documents in his custody, possession or control that are responsive to the *duces tecum* subpoena." *Id.*

In opposition, Defendant maintains that Plaintiff's request must be denied because "Bertrand has a right to assert the attorney-client privlege [sic] and

questions as to his resignation are completely irrelvant [sic], disproportional to the issues in this litigation, and are designed to harass the witness." Opp. Br. at 5.[7]

Bertrand opposes this application separately on similar grounds to Defendant but also emphasizes both the temporal limits placed on depositions by Rule 30 and the prejudice he would face as a non-party to the case were he to sit for a second deposition.[8] Significantly, at no point in his opposition does Bertrand raise the attorney-client privilege as a justification for refusing to answer questions at the prior deposition. In fact, Bertrand fails to address his non-cooperation with Plaintiff's questioning entirely.

Plaintiff has the better argument here. Bertrand is correct that Rule 30(d)(1) limits depositions to "one day of seven (7) hours" unless order by the Court or stipulated to by the parties. Fed. R. Civ. P. 30(d)(1). However, the Rule also states that the "Court *must* allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent[ ] [or] another person . . . impedes or delays the examination." *Id.* (emphasis added). Thus, the question before the Court is whether Bertrand and/or Defendant impeded or delayed the deposition by refusing to answer Plaintiff's questions. That question is answered in the affirmative.

---

[7] To the extent that Defendant argues that the Court should deny Plaintiff's application because she failed to call the Court to alert it to the contemporaneously during the deposition, the Court finds the issue moot as Plaintiff was given leave by the Court to file this motion.

[8] To the extent that Bertrand argues that the Court should deny Plaintiff's motion on the grounds that Plaintiff failed to meet and confer with Bertrand's personal counsel, for the same reason as in footnote 8.

Although there are many grounds on which to object to questioning in a deposition, the Rule is clear that an attorney may instruct a deponent not to answer only under very limited circumstances. Fed. R. Civ. P. 30(c)(3). This includes "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." *Id.* No limitations were ordered by the Court, nor did Defendant or Bertrand present such a motion. As such, the Court need only address whether the information sought by Plaintiff at the deposition was privileged.

As discussed above, Bertrand asserts no privilege in his opposition to his motion. This argument is raised solely by Defendant, who claims that "Bertrand asserted his right to attorney-client privilege as to his communications with Township counsel who were investigating alleged incidents involving him." Opp. Br. at 5. Although Township counsel were acting as investigators, Defendant claims that "it was Bertrand's understanding that his communications were confidential as he was never advised otherwise." *Id.* 5-6. Defendant further asserts that the "investigative reports indicate that they are attorney-client privileged documents." *Id.* at 6.[9]

However, this is the extent of Defendant's argument—conclusory assertions. Defendant's brief is devoid of any caselaw even suggesting that any privilege applies under these circumstances. *See generally* Opp. Br. Generally, the Court will not entertain unsupported legal arguments, but this is especially problematic as the

[9] It is important to note that Defendant produced these reports during discovery, thus raising the question of whether any privilege was waived.

claimant of the attorney-client privilege bears the burden of proof. *Endeavor Energy Res., Ltd. P'ship v. Gatto & Reitz, Ltd. Liab. Co.*, 2017 U.S. Dist. LEXIS 48715, at *12 (W.D. Pa. Mar. 31, 2017); *In re Grand Jury*, 603 F.2d 469, 474 (3d Cir.1979); *Utesch v. Lannett Co.*, 2020 U.S. Dist. LEXIS 232413, at *14 (E.D. Pa. Dec. 9, 2020).

Plaintiff on the other hand has provided numerous cases indicating that attorney-client privilege does not apply during internal investigations similar to the ones at issue. Mov. Br. at 18 (citing *Harding v. Dana Transp.*, 914 F. Supp 1084, 1095-1099 (DNJ 1996); *Payton v. N.J. Tpk. Auth.*, 148 N.J. 524, 550- 552 (1996); *Freedman & Gersten, LLP v. Bank of Am., N.A.*, 2010 U.S. Dist. LEXIS 130167 at *17-19 (DNJ December 8, 2010)). None of which Defendant acknowledges, let alone rebuts. Quite simply, Defendant has failed to meet its burden.[10]

Because Defendant failed to establish that the information sought by Plaintiff during the deposition was privileged, the Court finds that Defendant improperly directed Bertrand not to answer questions during Bertrand's deposition. In doing so, Defendant "impede[d] or delay[ed] the examination" for the purposes of Rule 30(d)(1), requiring the Court to allow Plaintiff additional time to depose Bertrand. However, the Court recognizes that Bertrand is not a party to this case and has already sat for one full deposition. Thus, the Court grants Plaintiff only three hours to depose Bertrand on the limited topics identified in this motion: (1) Bertrand's communications/interviews with Defendant's investigators who authored the

[10] Because Defendant has not established that the information sought is privileged, the Court need not determine whether Defendant then waved privilege by producing the "privileged" investigative reports during discovery.

investigative reports; (2) any coaching and counseling Bertrand received as a result of the investigation; (3) Bertrand's health and the reasons why he was unable to be deposed earlier; (4) certain aspects of the circumstances surrounding Bertrand's departure from Defendant's employment; and (5) the status of and reasons for a legal demand Bertrand has made of Defendant.

In conclusion, since the documents sought by Plaintiff are plainly relevant, Plaintiff has demonstrated that she is entitled to said documents, to the extent they have not already been produced. Plaintiff has also established that Bertrand and/or Defendant impeded Bertrand's deposition such that a limited, continued deposition is warranted. For the reasons stated above, Plaintiff's Motion is **GRANTED** subject to the Court's limitations.

## IV. CONCLUSION AND ORDER

Accordingly,

**IT IS** on this 31st day of July 2026,

**ORDERED** that Plaintiff's Motion to Compel Certain Discovery from Defendant (ECF No. 98) is **GRANTED**; and it is further

**ORDERED** that to the extent the documents have not already been produced, within ten business days, Defendant must supplement its document production to include documents responsive to Plaintiff's Requests No. 6, 12 and 15 to include: documents related to Jeffrey Bertrand's placement on administrative leave; any/all documents reflecting complaints about his conduct; and documents related to any demands or threats Bertrand has made of Defendant; and it is further

**ORDERED** that by September 15, 2026, Jeffrey Bertrand must appear for a continued deposition at Plaintiff's counsel's office at 110 Marter Ave, Suite 502, Moorestown, New Jersey 08057; and it is further

**ORDERED** that Plaintiff's request for leave to file a fee application in connection with this motion is **DENIED**; and it is further

**ORDERED** that the Clerk is to terminate ECF No. 98.

s/ Justin T. Quinn
HON. JUSTIN T. QUINN
United States Magistrate Judge